acm

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ANDREW S. MAVROVICH,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 05-4151-JAR** |
| | ) | |
| **MERLE VANDERPOOL,** | ) | |
| **BRIAN WEIDWALD,** | ) | |
| **ROY DUNNWAY, as Sheriff of Jefferson** | ) | |
| **County, Kansas, and individually, and** | ) | |
| **TIM BYERS, as Deputy Sheriff of Jefferson** | ) | |
| **County, Kansas and individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Andrew S. Mavrovich brought this action against defendants, Merle

Vanderpool, Brian Weidwald, Roy Dunnaway, and Tim Byers, alleging violations of his civil

rights, trespass, and destruction of personal property stemming from an ongoing conflict between

the parties about golf balls landing on plaintiff's property, which is adjacent to a golf course, and

golfers trespassing on his property to retrieve them.  Plaintiff filed a Motion for Discovery

Hearing and Motion for a Protective Order (Doc. 9).  Defendants have responded to plaintiff's

motions and have also filed Motions to Dismiss (Docs. 7, 15).  For the reasons stated below, the

---

[1]Andrew S. Mavrovich died on April 1, 2006, while this action was pending before the Court.  Defendants filed a suggestion of death pursuant to Fed. R. Civ. P. 25(a).  (Doc. 20.)  However, the Court declines to wait the ninety days required by Rule 25(a) for a personal representative of plaintiff to file a motion for substitution of parties because the Court can dismiss this case on the merits at this time.

Court denies plaintiff's motions and grants defendants' motions to dismiss.

## I.      Motion for Discovery Hearing

In this motion, plaintiff requested a discovery hearing and complained that defendants have ignored his discovery requests.  However, plaintiff is not entitled to discovery at this early stage in the proceedings.  Fed. R. Civ. P. 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  In this case, two dispositive motions are pending.  The Court has not yet issued an Initial Order Regarding Planning and Scheduling.  Such an order would require the parties to hold a Rule 26(f) meeting by a certain date.  Because the parties have not held a Rule 26(f) meeting, plaintiff is not entitled to discovery at this time.  Therefore, plaintiff's Motion for a Discovery Hearing is denied.

## II.     Motion for Protective Order

Plaintiff also requested an "antiharassment protection order" restraining the defendants from "making any attempts to keep under surveillance petitioner," "making any attempts to contact plaintiff, verbally harass or in general cause mental strain to plaintiff via load [sic] yelling or swearing at plaintiff or any guest at plaintiff's residence," and "entering upon the private, posted against trespass, property of plaintiff or to harass petitioner at his place of employment."[2]  The Court construes plaintiff's motion as a motion for a temporary restraining order.  Under Fed. R. Civ. P. 56 (b), a court may enter a temporary restraining order if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury loss, or damage will result to the applicant."  Here, plaintiff's Complaint is not verified, and he never submitted an affidavit.  Further, his motion fails to state specific facts

---

[2](Doc. 9 at 6, 11.)

showing imminent and irreparable harm.  Therefore, plaintiff's Motion for Protective Order is
denied.

**III.    Factual Basis**

Before his death, plaintiff owned property adjacent to the Village Greens Golf Course in
Jefferson County, Kansas.  For many years, plaintiff complained that the activities on the golf
course infringe on his property rights.  On June 14, 2004, plaintiff filed a claim in Kansas state
court against defendants Vanderpool and Wiedwald.  He also named Rebecca Vanderpool, the
Jefferson County Sheriff's Department records keeper, and several John Does.  In this state
action, plaintiff alleged that golfers and golf course personnel trespassed on his property,
damaged property, and caused plaintiff to live in fear of injury from errant golf balls.  He also
complained that he was wrongfully denied access to the sheriff's department records identifying
"John Doe" golfers who trespassed on his property.  On November 8, 2004, the District Court of
Jefferson County, Kansas dismissed plaintiff's action with prejudice based on res judicata, and
imposed sanctions on plaintiff because he had been previously warned that he would suffer
sanctions and penalties if he raised the same issues in court again.  On August 26, 2005, the
Kansas Court of Appeals affirmed the district court's dismissal and the imposition of sanctions
against plaintiff.[3]

---

[3]*Mavrovich v. Village Greens, Inc., et al.*, 118 P.3d 178, 2005 WL 2076579, at *3-4 (Kan. Ct. App. Aug.
26, 2005) (unpublished table opinion).  In this opinion, the court cited three additional civil actions that plaintiff has
previously filed in state court regarding this dispute.  *Id.* at *1 (citing *Mavrovich v. Doe*, No. 88,948, unpublished
opinion filed Feb. 28, 2003, *rev. denied* 276 Kan. 969 (2003); *Mavrovich v. Doe*, No. 85,863, unpublished opinion
filed June 29, 2001; *Mavrovich v. Higgins*, No. 69,436, unpublished opinion filed Dec. 23, 1993.").  The court also
noted that plaintiff was convicted of four counts of aggravated assault and one count of criminal damage to property
because of "altercations with golfers and golf course personnel and damage done to trees planted by Village Greens,
Inc. (VGI) to separate the golf course from Mavrovich's property."  *Id.* (citing *State v. Mavrovich*, No. 79,527,
unpublished opinion filed July 2, 1999, *rev. denied* 268 Kan. 892 (1999); *Mavrovich v. State*, No. 80,040,
unpublished opinion filed May 21, 1999, *rev. denied* 267 Kan. 889 (1999); *State v. Mavrovich*, No. 71,693,
unpublished opinion filed July 5, 1996, *rev. denied* 260 Kan. 999 (1996)).

Afterwards, plaintiff filed a Complaint in federal court alleging the same claims that he previously litigated in state court and contending that the "lower courts erred."[4]  On February 13, 2006, defendants Byers and Dunnaway filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 7.)  Plaintiff's response was due twenty-three days later on March 8, 2006.[5]  Plaintiff never responded to this motion to dismiss.

The Court has considered whether plaintiff's failure to respond to the motion to dismiss should result in dismissal of the action.  The local rules allow a party twenty-three days to respond to a motion to dismiss.[6]  In the event a party fails to respond, the local rules provide that the party has waived his right to file a response except upon a showing of excusable neglect.[7]  Absent a showing of excusable neglect, the motion "will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[8]  While it may consider granting the motion to dismiss based on the failure to respond, the Court, because it is dismissing plaintiff's action against all defendants, will address the merits of defendants' motion to dismiss based on res judicata.

The Court is mindful that it is dismissing this action against all defendants when only one motion, filed by two of the four defendants, is ripe for this Court's review.  On March, 24, 2006, defendant Vanderpool filed a motion to dismiss asserting the same grounds as defendants Byers

---

[4](Doc. 1 at 3.)

[5]D. Kan. Rule 6.1(d)(2).

[6]*Id.*

[7]D. Kan. Rule 7.4.

[8]*Id.*

4

and Dunnaway.  (Doc. 15.)  A response to this motion has not been filed, but one is not due until
April 17, 2006.  Defendant Wiedwald has not filed a dispositive motion in this case.  "Dismissals
under Rule 12(b)(6) typically follow a motion to dismiss, which gives the plaintiff notice and an
opportunity to amend his complaint."[9]  "Nevertheless, in this circuit, sua sponte dismissal of a
meritless complaint that cannot be salvaged by amendment comports with due process and does
not infringe the right of access to the courts."[10]  "[A] sua sponte dismissal under Rule 12(b)(6) is
not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts
alleged, and allowing him an opportunity to amend his complaint would be futile."[11]

      In this case, it is patently obvious from the arguments set forth in defendants Byers' and
Dunnaway's motion to dismiss that plaintiff's action against all defendants is barred by res
judicata.  Further, the Court finds that allowing plaintiff to amend his Complaint would be futile
when he previously litigated, in numerous state court cases, these same claims against these
same defendants stemming from his dispute with the Village Greens Golf Course.  Thus, the
Court will include all defendants in the dismissal of this action based on res judicata grounds as
described more fully below.

## IV.    Rule 12(b)(6) Standard

      A court may dismiss a complaint for "failure to state a claim upon which relief can be
granted."[12]  Dismissal is appropriate "only if it is clear that no relief could be granted under any

---

[9]*Phillips v. Pub. Serv. Co. of New Mexico*, 58 Fed. Appx. 407, 409 (10th Cir. 2003).

[10]*Id.* (citing *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001)).

[11]*McKinney v. State of Oklahoma Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991) (citations
omitted).

[12]Fed. R. Civ. P. 12(b)(6).

set of facts that could be proved consistent with the allegations."[13]  "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."[14]

On a Rule 12(b)(6) motion, a court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.[15]  The Court construes the allegations in the light most favorable to the plaintiff.[16] These deferential rules, however, do not allow a court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."[17]  "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster."[18]  Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interest of justice.[19]

Additionally, the Court must be mindful of plaintiff's pro se status in this action.  The Court must construe pro se pleadings liberally and apply a less stringent standard than that which

---

[13]*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).

[14]*Mounkes v. Conklin*, 922 F. Supp. 1502, 1506 (D. Kan. 1996) (quotation omitted).

[15]*Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[16]*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[17]*Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

[18]*Mounkes*, 922 F. Supp. at 1506 (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988) (quotation omitted)).

[19]*Id.*

is applicable to attorneys.[20]  However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[21]  The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[22]

The Court also recognizes that defendants Byers and Dunnaway have attached Kansas state court documents to their motion to dismiss.  It is well established that "[a] motion to dismiss for failure to state a claim upon which relief can be granted must be converted into a motion for summary judgment whenever the district court considers matters outside the pleadings."[23]  Courts have broad discretion in determining whether or not to accept materials beyond the pleadings.[24]  Reversible error may occur, however, if the district court considers matters outside the pleadings but fails to convert the motion to dismiss into a motion for summary judgment.[25]

The Court finds that it is appropriate to consider the Kansas state court documents and orders attached to the motion to dismiss.  It is accepted practice that, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to plaintiff's claim, a defendant may submit an indisputably

---

[20]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[21]*Id.*

[22]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[23]Fed. R. Civ. P. 12(b)(6).

[24]5A Charles Alan Wright et al., Federal Practice and Procedure § 1366 (2d ed. 1990).

[25]*Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

7

authentic copy to the court to be considered on a motion to dismiss."[26]  "If the rule were

otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not

attaching a dispositive document upon which the plaintiff relied."[27]  In this case, plaintiff asserts

in his Complaint "that the lower courts erred when they allowed special privileges for golfers to

trespass on personal property . . . ."[28]  Because plaintiff made reference in his Complaint to the

previous cases in which he litigated this controversy, the Court will reference the documents and

orders pertaining to his state litigation in analyzing whether his claims are barred by res judicata.


## V.    Discussion

Defendants have moved to dismiss the pending action under Fed. R. Civ. P. 12(b)(6)

asserting that plaintiff's claims are precluded by res judicata.[29]  Under the Full Faith and Credit

---

[26]*GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997); *see also Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, . . . the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." (Citation omitted)).

[27]*See GFF*, 130 F.3d 1385.

[28](Doc. 1 at 3.)

[29]Defendants also move for dismissal based on lack of subject matter jurisdiction, but the Court declines to dismiss the action on this ground.  Defendants are correct in asserting that there is no diversity jurisdiction because all of the parties are citizens of Kansas.  *See* 28 U.S.C. § 1332.  However, the Court will construe plaintiff's Complaint sufficiently alleging a cause of action under federal law.  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's Complaint contends that "[t]his case arises because of violations of the civil rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of the [U]nited States ( 28 U S C 1443)."  (Doc. 1 at 2.)  The Court will construe plaintiff's Complaint as alleging a cause of action arising under federal law to confer federal question jurisdiction.

The Court also declines to dismiss this action based on defendants' argument that plaintiff's claims are barred by the *Rooker-Feldman* doctrine.  A Tenth Circuit case has recently clarified some of the "general confusion" surrounding the *Rooker-Feldman* doctrine.  *Bolden v. City of Topeka, Kansas*, __ F.3d __, 2006 WL 701151, at *8 (10th Cir. Mar. 21, 2006).  In that case, the court cautions that "the doctrine does not prohibit federal suits regarding the same subject matter, or even the same claims, as those prevented in the state-court action.  The doctrine that governs litigation of the same subject matter or the same issues is res judicata—specifically claim preclusion and

Act, 28 U.S.C. section 1738, a federal court must "give the same preclusive effect to a state-court judgment that the judgment would be given in the courts of the state in which the judgment was rendered."[30]  This statute also "requires a federal court to apply the law of the state rendering the judgment to determine collateral estoppel effect."[31]  Accordingly, in this action, the Court must apply Kansas law to determine the claim preclusive effect of the judgment rendered against plaintiff in the state court action.

"The doctrine of res judicata is a bar to a second action upon the same claim, demand or cause of action."[32]  "It is founded upon the principle that the party, or some other with whom he is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction."[33]  Under Kansas law, "[a]n issue is res judicata when four conditions concur: (1) identity in the things sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made."[34]

These four identities are present in this case.  First, in the state action, plaintiff sought

issue preclusion."  *Id.* at *9.  Rather, *Rooker-Feldman* applies when a plaintiff is seeking to overturn or "'to undo the [state-court] judgment.'"  *Id.* at *15 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 1527 (2005)).  Here, while plaintiff argued that the state court "erred," he was not asking this court for relief from this judgment in the form of overturning the state court judgment.  Instead, he brought claims for violations of his civil rights, trespass, and destruction of personal property.  Thus, *Rooker-Feldman* does not apply, and the Court must instead analyze the dismissal under the doctrine of res judiciata.

[30]*Jarrett v. Gramling*, 841 F.2d 354, 356 (10th Cir. 1998) (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982); *Kiowa Tribe v. Lewis*, 777 F.2d 587, 590 (10th Cir.1985), *cert. denied*, 479 U.S. 872 (1986)).

[31]*Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 385 (10th Cir. 1987) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 381 (1985); *Kremer*, 456 U.S. at 466-67).

[32]*Penachio v. Walker*, 483 P.2d 1119, 1121 (Kan. 1971).

[33]*Id.*

[34]*Jackson Trak Group* ex rel. *Jackson Jordan, Inc. v. Mid States Port Auth.*, 751 P.2d 122, 128 (Kan. 1988).

several forms of injunctive relief and money damages in the sum of over $50,000.  In his federal

Complaint, plaintiff requested actual and punitive damages—the same relief sought in the state

action.  Second, plaintiff's cause of action in federal court is based on his dispute with the

Village Greens Golf Course regarding the errant golf balls that land on his property and the

golfers who enter his property to retrieve them.  In his state court action, plaintiff alleged

violations of his "substantial civil rights to be free from trespass upon posted property, to live at

9941 Village Greens Road unmolested by employees, golfers and officers of VGI and to be free

of theft of personal property by afore mentioned persons and defacement of plaintiff's personal

property."[35]  Plaintiff's federal action also arises out of the ongoing conflict with Village Greens

Golf Course, and plaintiff brought claims of violation of civil rights, trespass and destruction of

personal property.  Thus, plaintiff alleged the same causes of action in this federal case as he

pursued in his state action.

Third, there is identity of persons and parties to the action.  "For res judicata to apply . . .

the parties involved must be the same or in privity with each other."[36]  In the state court action,

plaintiff named defendants Vanderpool and Wiedwald in the complaint.  While defendants Byers

and Dunnaway were not specifically named as parties to the state court action, the Jefferson

County Sheriff appeared in that action as the Jefferson County Sheriff's Department records

keeper was a named party.  In Kansas, "[a] determination of the question as to who are privies

requires careful examination into the circumstances of each case as it arises."[37]  In holding that

---

[35](Doc. 16, Ex. C at 4.)

[36]*Sampson v. Hunt*, 665 P.2d 743, 754 (Kan. 1983) (citing *Wells v. Davis*, 603 P.2d 180 (1979) and holding that there was complete privity between a corporation and its sole owner).

[37]*Goetz v. Bd. of Tr., Policemen's and Firemen's Retirement Sys., City of Wichita*, 454 P.2d 481, 490 (Kan. 1969).

10

the State and the Motor Vehicle Department were in privity, a Kansas court stated that "the agents of the same government are in privity with each other, since they represent not their own rights but the right of the government."[38]  In this case, defendants Byers and Dunnaway are not only agents of the same government, they are the Sheriff and the Deputy Sheriff of Jefferson County.  As officers of the same government agency, defendants Byers and Dunnaway are in privity with the Jefferson County Sheriff's Department, a party that appeared in the state court action.

Fourth, there is an identity in the quality of the persons for or against whom the claim is made.  Plaintiff had the same incentive to litigate his claims in state court proceeding as he did in this federal court proceeding when the state action was an action for money damages and injunctive relief against these same defendants.  Therefore, because all four identities are met, plaintiff's action is barred by the doctrine of res judicata in that plaintiff has previously litigated these claims against these defendants which resulted in a final judgment on the merits in Kansas state court.  Accordingly, the Court must dismiss this action against all defendants.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motions to Dismiss (Docs. 7, 15) are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Discovery Hearing and Protective Order (Doc. 9) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 12th day of April 2006.

---

[38]*State v. Parson*, 808 P.2d 444, 448 (Kan. 1991).

11

  S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

Order Granting Defendants' Motion to Dismiss, *Mavrovich v. Vanderpool et al.*, No. 05-4151-JAR.